IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION


JOSE LUIS FERNANDEZ                                                                              PETITIONER


v.                                      NO. 5:12CV00037 JMM/HDY


RAY HOBBS, Director of the                                                                     RESPONDENT
Arkansas Department of Correction


FINDINGS AND RECOMMENDATION


INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge James M. Moody. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, Arkansas 72201-3325

RECOMMENDATION

STATE COURT PROCEEDINGS. In March of 2009, a Grant County, Arkansas, Circuit Court jury convicted petitioner Jose Luis Fernandez ("Fernandez") of rape and sentenced him to life imprisonment without parole in the custody of respondent Ray Hobbs ("Hobbs"). Fernandez appealed his conviction. On appeal, he challenged the trial court's denial of his motion for directed verdict on the ground that the evidence was insufficient to support his conviction. The Arkansas Supreme Court found that substantial evidence supported the jury's verdict and affirmed his conviction. See Fernandez v. State, 2010 Ark. 148, 2010 WL 1253095 (Ark. 2010).

Fernandez thereafter filed a trial court petition for post-conviction relief pursuant Arkansas Rule of Criminal Procedure 37.1. In the petition, he challenged his trial attorney's representation on two grounds: first, counsel failed to investigate several matters brought to his attention by Fernandez, and second, counsel failed to consult with or call at trial a DNA expert. The trial court denied the petition but failed to notify Fernandez of its disposition. He later learned that his petition had been denied, and he appealed. The state Supreme Court granted a motion for belated appeal and permitted his appeal. See Fernandez v. State, 2011 WL 291953 (Ark. 2011). During the course of the appeal, the state Supreme Court had an occasion to review Fernandez's claims and determined that they had no merit. For that reason, the state Supreme Court dismissed his appeal. See Fernandez v. State, 2011 Ark. 418, 2011 WL 4600606 (Ark. 2011).

FEDERAL COURT PROCEEDINGS. Fernandez commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. In the petition, he advanced the following three claims for relief: 1) the evidence of his guilt is insufficient; 2) his trial attorney was ineffective because counsel failed to investigate several matters brought to his attention by Fernandez; and 3) counsel was ineffective because he failed to consult with or call at trial a DNA expert.

Hobbs filed a response to the petition, a response he subsequently amended when he discovered he had failed to address one of Fernandez's claims. Hobbs maintained in his submissions that Fernandez is entitled to no relief. Hobbs so maintained because Fernandez cannot show that the state courts' adjudication of his claims resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or otherwise resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

Before giving serious consideration to Hobbs' assertion, the undersigned invited Fernandez to file a reply in which he addressed the assertion. Fernandez accepted that invitation by filing a reply in which he advanced several arguments in rebuttal, one of which was the following:

> ... [Hobbs] claims that the Arkansas Supreme Court found that trial counsel's performance was the product of reasonable professional judgment because, notwithstanding petitioner's claims, anything pertaining to the victim's alleged promiscuity would have been inadmissible, irrelevant evidence, making his claim meritless. ...

> A closer reading of Fernandez, at 3-4, shows the court's concern was that the petitioner "made only general assertions that did not provide sufficient factual substantiation for his claims of prejudice. ... To the limited extent that the petition identified any specific evidence that may have been discovered through further investigation, that specific evidence was not evidence that would have been admissible or that was likely to have changed the outcome of the proceedings, except by way of impermissible prejudice."
>
> The Court appears to have set the bar a bit too high for the pro se litigant. The petitioner is an illegal Mexican national immigrant, who does not speak or read English. How then could the Arkansas Supreme Court expect the petitioner to present anything but general assertions, especially in light of the fact that the trial court failed to grant him an evidentiary hearing on the grounds raised in his initial collateral proceeding.
>
> Furthermore, in light of the recent U.S. Supreme Court ruling, Martinez v. Ryan ... it may have been the State's responsibility to provide the petitioner with adequate assistance of counsel for his initial review collateral proceeding, where more than general assertions and sufficient facts would have been properly presented.

See Document 13 at 1-2.

After reviewing Fernandez's reply and his citation to the United States Supreme Court ruling in Martinez v. Ryan, the undersigned invited Hobbs to submit a short rebuttal. Hobbs filed his rebuttal and addressed the Martinez v. Ryan issue in the following manner:

> The Court in Martinez did not hold–and expressly declined to hold–that there was a constitutional right to counsel in state collateral proceedings. ... Thus, Fernandez' assertion that, under Martinez, it "may have been the State's responsibility to provide the Petitioner with adequate assistance of counsel for his initial-review collateral proceedings" is wrong if it is intended to imply an independent constitutional claim.

> In addition, Martinez holds [that a] procedural default may not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in the proceeding was ineffective. None of Fernandez's claims are procedurally defaulted and his sufficiency of the evidence claim is a direct appeal claim, not a collateral claim of ineffective counsel.

See Document 20 at 2-3.

The undersigned has now reviewed the parties' pleadings and exhibits, including Hobbs' amended response and Fernandez's reply thereto. The undersigned finds that Fernandez's petition should be dismissed and all requested relief denied.

SUFFICIENCY OF THE EVIDENCE. Fernandez first maintains that the evidence was insufficient to support his conviction of rape. He specifically maintains that there was no evidence he had sexual intercourse with the victim.

Fernandez raised a factually identical claim on direct appeal, and the state Supreme Court considered the claim on the merits.[1] The state Supreme Court outlined the evidence and found that there was substantial evidence to support the jury's verdict. As to the conflicting testimony and inconsistent evidence, the state Supreme Court noted that "[t]he jury may resolve questions of conflicting testimony and inconsistent evidence and may choose to believe all or part of any witnesses' testimony." See Fernandez v. State, 2010 WL 1253095 at 4.

---

[1] The state Supreme Court's treatment of the claim is lengthy. See Fernandez v. State, 2010 WL 1253095 at 1-5. For that reason, it will not be re-produced in full in this recommendation.

The disposition of this claim is governed by 28 U.S.C. 2254(d), which requires a two-part inquiry. First, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Second, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

The undersigned finds that the state Supreme Court's adjudication of Fernandez's challenge to the sufficiency of the evidence did not result in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law. Although the state Supreme Court did not specifically cite federal law, the failure of the state Supreme Court to do so is not problematic as neither the court's reasoning nor result contradict federal law.[2] What is federal law? It is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See Jackson v. Virginia, 443 U.S. 307, 319 (1979) [emphasis in original]. The state Supreme Court's decision is consistent with, and a reasonable application of, Jackson v. Virginia as the court used a substantially similar standard in reviewing Fernandez's claim. See Fernandez v. State, 2010 WL 1253095 at 1-2.

---

[2] "A reasonable application of established federal law does not require citation of [United States Supreme Court] cases-indeed, it does not even require awareness of [these] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." See Cox v. Burger, 398 F.3d 1025, 1030 (8th Cir. 2005) [internal quotations and citations omitted; emphasis in original].

Fernandez has also not shown that the adjudication of the claim by the state Supreme Court resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The record establishes that there is some direct evidence of his guilt. Although the victim suffers from a mental defect and/or mental incapacity, she nevertheless testified during Fernandez's trial. She testified generally to what occurred and demonstrated with dolls what he had done to her. The bulk of the evidence, though, is circumstantial. For instance, the victim's grandmother testified that Fernandez and the victim were in various states of undress and in a van when she found them. In addition, forensic experts testified to the presence of semen on vaginal and anal swabs taken from the victim. Fernandez did not attempt to rebut the State's case-in-chief as he did not testify at trial.[3] As the state Supreme Court correctly noted, it was for the jury to consider the evidence, and this jury could and did draw the conclusion it did in convicting Fernandez.

The undersigned finds that 28 U.S.C. 2254(d) controls the disposition of Fernandez's challenge to the sufficiency of the evidence. The paragraph compels the conclusion that the claim warrants no relief as the state Supreme Court made a reasonable adjudication of it.

---

[3] Fernandez maintains in the pleadings at bar that his DNA came to be in the victim's vaginal area because she sat "bare-bottom" on a seat in a van where Fernandez and his wife had earlier had sexual intercourse. See Document 13 at 2-3. The time to make that argument, though, is at trial, not in a collateral attack upon a conviction. Even had the argument been offered at trial, the undersigned is not convinced that it would have changed the outcome of the trial. The victim's testimony and that of her grandmother and the forensic experts establish the essential elements of the offense.

<u>FIRST INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM</u>. Fernandez next maintains that his trial attorney was ineffective because counsel failed to investigate several matters brought to his attention by Fernandez. He specifically maintains the following:

> Fernandez's trial counsel … failed to investigate any of the information provided him. Had [counsel] investigated, he would have discovered evidence that would have brought into question the alleged victim['s] inabilities; he would have discovered the alleged victim['s] prior sexual acts and promiscuousness within the community; and, he would have discovered the existence of dried seminal fluids in the van from sexual activity between Fernandez and his wife just prior to the alleged rape.
>
> …
>
> Had [counsel] properly investigated these and other facts, he would have found substantial evidence of the alleged victim's sexual activity with other men in the area; of her repeated sexual initiations with Fernandez in his home, in front of witnesses; and, that her custodians knew of her uncontrolled sexual activity, prompting such reaction that was displayed on the day of the alleged rape. These facts, had they been brought to the attention of the court and jury, would have had a profound effect, and the outcome of the trial would have been different.

<u>See</u> Document 3 at 4, 7.

Fernandez raised a factually identical claim in his petition for post-conviction relief, and the state Supreme Court considered the claim on the merits. The state Supreme Court found that evidence of the victim's prior sexual encounters and any advances she might have made toward Fernandez were irrelevant and inadmissible because he was charged with having sexual intercourse with someone incapable of consent. As to his other assertions, the state Supreme Court found the following:

> As for the remaining allegations that counsel did not adequately investigate prior to trial, [Fernandez] failed to identify any specific potential evidence that counsel would have discovered if an adequate investigation had been undertaken. [Fernandez] did not identify any evidence that counsel might have used to contest evidence that had been presented by the victim's mother and teacher concerning her mental deficiencies. The teacher testified that the victim was enrolled in self-contained, functional classes. She indicated that the victim had "pretty significant cognitive deficits" and an IQ that was probably 60 or less, and she described some of the victim's limitations. The teacher further described the victim as unable to ever live independently. The teacher recounted that the victim could copy words, but that she could not make a grocery list or form a sentence; that she could not do math even with a calculator; and that she was unable to give the time of day, the day of the week, or the month without assistance. Although the State indicated at a pretrial hearing that a mental evaluation of the victim had been conducted, [Fernandez] provided no information from that report that would have contradicted the evidence presented of the victim's mental defect or incapacitation. Nor did he point to any other discoverable evidence that counsel could have used to contradict the evidence presented at trial.
>
> [Fernandez] asserted in the petition that counsel could have discovered evidence of dried seminal fluid that would have supported his contention that the DNA found on the swabs was transferred to the victim from the seat in the van where he and his wife had had sex before the victim sat there in the nude. The nurse who took the anal swab that contained male, gender-specific DNA, which did not exclude [Fernandez] as a contributor, testified that she was trained to perform rape kit examinations and experienced in the procedure. She stated that the swab was taken from inside the rectum, not outside. The jury found that testimony credible because the verdict was rape and not a lesser-included offense that did not require penetration. [Fernandez] failed to demonstrate that a more searching investigation would have changed the results of his trial.

See Fernandez v. State, 2011 WL 4600606 at 1.

The disposition of this claim is also governed by 28 U.S.C. 2254(d). The

undersigned finds that the state Supreme Court's adjudication of Fernandez's challenge to his attorney's representation did not result in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law. The state Supreme Court specifically cited controlling federal law, that being, <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), and the state Supreme Court's decision is consistent with, and a reasonable application of, <u>Strickland v. Washington</u>.

Fernandez has also not shown that the adjudication of the claim by the state Supreme Court resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. The record establishes that the victim suffers from a mental defect and/or mental incapacity and is incapable of consent. Because Fernandez was convicted of having sexual intercourse with someone incapable of consent because of a mental defect or mental incapacity, <u>see</u> <u>Ark</u>. <u>Code</u> <u>Ann</u>. 5-14-103(a)(2)(B) or (C), any evidence of the victim's prior sexual encounters or any advances she might have made toward Fernandez was indeed irrelevant and inadmissible. He makes much of his attorney's failure to investigate the alleged existence of dried seminal fluid in the van seat where the victim sat "bare-bottom." The nurse who took the swabs of the victim testified, though, that they were taken from inside the victim's vaginal and anal areas, not from the outside. In light of such testimony, any error on the part of counsel to conduct an investigation into the existence of dried seminal fluids in the van seat would not have changed the outcome of Fernandez's trial.

The undersigned finds that 28 U.S.C. 2254(d) controls the disposition of Fernandez's first challenge to his attorney's representation. The paragraph compels the conclusion that the claim warrants no relief as the state Supreme Court made a reasonable adjudication of it.

<u>SECOND INEFFECTIVE ASSISTANCE OF COUNSEL CLAIM</u>. Fernandez also maintains that his trial attorney was ineffective because counsel failed to consult with or call at trial a DNA expert. Fernandez specifically maintains the following:

> Fernandez's trial counsel … failed to consult with an expert on DNA, and how it could be found at the anal area of the alleged victim. [Counsel], at a minimum, should have raised the issue of how existing seminal fluid, albeit dried, could have been transferred to the alleged victim as she sat nude upon the very location the dried fluid had been located. [Counsel] should have questioned the method in which the anal area had been swabbed, and the likelihood of collecting DNA material from between the buttocks close to the anus.
>
> Had [counsel] consulted with and called an expert in DNA collection [footnote omitted], the fact that DNA material (dried seminal fluid) existed in the van prior to the alleged rape, on the very seat on which the alleged victim sat nude, coupled with the fact that the only DNA linking Fernandez to the alleged act was found from the anal area, would have put into question how the DNA was to be found on the alleged victim. [Counsel's] error in failing to consult and call such an expert, prejudiced Fernandez by not putting the State's evidence to the test [footnote omitted], would have raised reasonable doubt with the trier-of-fact, and thus the outcome of the trial would have been different.

<u>See</u> Document 3 at 7-8.

Fernandez raised a factually identical claim in his petition for post-conviction relief, and the state Supreme Court considered the claim. The state Supreme Court found, inter alia, that he did not provide any "factual substantiation" to support his allegation, that being, his allegation that an expert would testify that the swabs were not properly collected or, alternatively, may have been contaminated. Specifically, the state Supreme Court found the following:

> … It is incumbent on the petitioner who claims ineffective assistance based on failure to call a witness to name the witness, provide a summary of the testimony, and establish that the testimony would have been admissible into evidence. … In order to demonstrate prejudice, [he] was required to establish that there was a reasonable probability that, had counsel performed further investigation and presented the witness, the outcome of the trial would have been different. … [Fernandez] provided no more than conclusory statements in that regard.
>
> … [Fernandez] alleged that his attorney should have consulted with an expert about the DNA sample to present testimony on how the DNA might have been contaminated by DNA that was on the victim's buttocks. [Fernandez] did not, however, identify any expert or summarize the testimony that the expert would have provided if counsel had undertaken the additional investigation. [Fernandez] did not provide any factual substantiation in support of his allegation that an expert would, in fact, be able to provide testimony indicating that the anal swab was not properly collected or, even if properly collected, may have been contaminated. In order to overcome the presumption that counsel was competent, [Fernandez] was required to provide a demonstration of specific relevant evidence that would have been uncovered in order to meet his burden to show prejudice. … [He] was required to plead facts … to show that counsel could have discovered a witness to testify as he alleged in order to demonstrate prejudice.

See Fernandez v. State, 2011 WL 4600606 at 1.

The disposition of this claim is also governed by 28 U.S.C. 2254(d). The undersigned first finds that the state Supreme Court's adjudication of Fernandez's challenge to his attorney's representation did not result in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law. The state Supreme Court specifically cited controlling federal law, that being, <u>Strickland v. Washington</u>, and the state Supreme Court's decision is consistent with, and a reasonable application of, <u>Strickland v. Washington</u>.

Fernandez has also not shown that the adjudication of the claim by the state Supreme Court resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. On the basis of the record before the state Supreme Court, it could and did find that he did not provide any factual support for his allegation, specifically, he offered no support in his state court submissions for the proposition that an expert would testify that the vaginal and anal swabs were not properly collected or, even if properly collected, were somehow contaminated. Fernandez's failure to provide any factual support for his allegation in his state court submissions also plagues the claim at bar as he has offered no facts to support his claim. Last, it is worth noting that the nurse who took the swabs of the victim testified that they were taken from inside the victim's vaginal and anal areas, not from the outside. Fernandez has offered nothing to support the proposition that it is possible for a person to sit "bare-bottom" on dried seminal fluid and have the fluid come to rest inside the person's vaginal and anal areas.

The undersigned finds that 28 U.S.C. 2254(d) controls the disposition of Fernandez's second challenge to his attorney's representation. The paragraph compels the conclusion that the claim warrants no relief as the state Supreme Court made a reasonable adjudication of it.

TWO CONCLUDING MATTERS. In recommending that Fernandez's petition be dismissed, the undersigned finds it advisable to address two additional matters. First, Fernandez appears to maintain that he is actually innocent of rape. Not only did he fail to raise such an assertion as a free-standing, independent claim in state court, he has offered no facts in the case at bar to establish an independent constitutional violation.[4]

Second, in Fernandez's reply to Hobbs' amended response, Fernandez devotes a considerable amount of attention to the United States Supreme Court decision in Martinez v. Ryan. In Fernandez' submission, he again maintains that it may have been the State's responsibility to provide him with an attorney in his Rule 37 proceeding. As Hobbs correctly points out, though, Martinez v. Ryan is inapplicable in this instance because none of Fernandez's claims at bar are procedurally barred from federal court review.

RECOMMENDATION. Given the foregoing, the undersigned recommends that

---

[4] In Bowman v. Gammon, 85 F.3d 1339, 1342 (8th Cir. 1996), the Court of Appeals opined the following:

> Claims of newly discovered evidence that relate only to the guilt or innocence of a state prisoner do not warrant federal habeas corpus relief. Herrera v. Collins, 506 U.S. 390, 400 ... (1993) ... To constitute a basis for relief, such claims must establish an independent constitutional violation. Herrera, 506 U.S. at 400 ... "This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the constitution-not to correct errors of fact." Id.

Fernandez's petition be dismissed. All requested relief should be denied, and judgment should be entered for Hobbs.

DATED this ___16___ day of May, 2012.

_____
UNITED STATES MAGISTRATE JUDGE